**HOME INSURANCE COMPANY, Appellee,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF GARVIN COUNTY, Appellant.**

No. 52287.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 12, 1980.

Released for Publication by Order of Court of Appeals Sept. 4, 1980.

Kenneth Coe, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellee.

Kay Huff, Dist. Atty., John A. Blake, Asst. Dist. Atty., Garvin County, for appellant.

BRIGHTMIRE, Presiding Judge.

The narrow issue presented is whether or not the provisions of 19 O.S.1971 § 410.12 preclude the county government from paying a second claim on a particular debt submitted after claimant discovered its mistake in calculating the amount requested on the first claim paid.[1] The trial court held it did not and directed a verdict for the claimant in the sum of $6,561 plus prejudgment interest. The debtor appeals. We affirm.

I

For several years Home Insurance Company provided Garvin County with liability insurance in consideration of an annual premium. Coverage for bodily injury was calculated by multiplying .816 per $100 payroll, and for property damage by multiplying .288 per $100 payroll. A pre–period premium was established by estimating the upcoming year's payroll. This figure was subject to adjustment after a post–period audit of the actual payroll expense.

At the close of the 1970–1971 period the premium was computed by multiplying the .816 and .288 factors by $1,000 instead of $100. The carrier thus erroneously billed the county $176 at the beginning of the year and an additional $96 following a year–end audit. Both amounts were paid. The same thing happened the next two years except there were no year–end audits at the close of the last two fiscal years ending July 31, 1973.

Then in November 1973 the insurance company discovered the error. An audit of the county's payroll for the three years in question along with the application of the proper formula resulted in a discovery that

the county had been underbilled some $6,561. The insurer consequently submitted a claim for the rest of the premium. It was rejected and this lawsuit followed.

II

The facts are undisputed. The county got what it bargained for and paid less than the agreed premium because of human error on the part of the insurance company personnel. The statute relied on by the county to avoid paying a just debt–§ 410.12 set out in footnote 1–does not prohibit payment of a claim of this nature. That law contemplates the existence of some kind of a dispute between the county and a claimant, or at least situational facts which operate to estop a claimant from making repeated claims for the same debt after one has been allowed and paid. The mere submission of an inaccurate claim because of an inadvertent mathematical error in its preparation is not a "claim" contemplated by § 410.12. The statute, it appears, is designed to codify certain principles of general law. For example, if a dispute arises between two people concerning the amount one owes the other and the obligor writes a check for half of what the obligor was billed by the other, the matter is settled if the obligee cashes the check. But suppose B bought a bicycle from S for $100, charged it and at the end of the month received a bill for only $50 due to a clerical posting error. The cashing of a check for $50 would not foreclose S, upon discovery of the error, from sending a second statement and collecting the unpaid balance.

The facts in this case suggest nothing in the nature of a dispute with regard to the coverage or the premium charged. A claim for the full amount of the premium was never presented for payment. We hold the trial court properly directed a verdict for the insurance company.

Affirmed.

BACON and NEPTUNE, JJ., concur.

1. This statute reads:

"Whenever any allowance, either in whole or in part, is made upon any claim presented to the Board of County Commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim and provided that the cashing of the warrant shall be considered as acceptance by the claimant."